Shaw, C. J.
This is an appeal from a decree of the judge of probate for the county of Nantucket, taken since the last July term of this court in that county; and the question is, whether it shall be entered here, as at a court held for the counties of Suffolk and Nantucket, or postponed and first entered at the next July term at Nantucket. This is a question of some practical importance to the people of Nantucket.
The relations of the counties of Suffolk and Nantucket, in regard to the appellate jurisdiction of the supreme judicial court, have, been somewhat anomalous, ever since the island of Nantucket was included in the province of Massachusetts, by the charter of 1692, owing no doubt to the insular condition of that small county.
By the provincial statute of 11 William 3, (Anc. Charters, 230,) an appeal in civil and criminal cases, in Nantucket, was given to the superior court in Suffolk or Middlesex, with a special provision for capital cases, arising therein. Nothing is said of probate appeals, because probably as the law then stood, all probate appeals lay to the governor and council.
By the statutes of 1795, c. 81, § 1; 1804, c. 104; 1820, c. 14, the supreme judicial court when holden at Boston, at both its *494 terms, was made the appellate court, as well for Nantucket as for Suffolk, in all cases of civil, criminal, and probate jurisdiction. Thus the law stood, when the acts were passed, establishing a term of the supreme judicial" court in Nantucket, namely, St. 1825, c. 16, and St. 1825, c. 114. The former, passed in June, 1825, never went into operation, on account probably of being found imperfect, and the other act was passed, in the same political year, March, 1826, which repealed and superseded the first.
This latter act was manifestly founded on the assumption, that although a full court might be held at Nantucket, and when so held would have full jurisdiction of all cases, yet that it should not be required, and seldom would be so held, and therefore provision was made for transferring certain matters of law, from the term thus established at Nantucket, to the supreme judicial court next to be held in Boston. These provisions constituted an arrangement peculiar, and in some respects, different from that of any other county. An attempt was made in the case of Coffin v. Hussey, 12 Pick. 289, to put a construction upon this act, and point out the practical working of its provisions, as well in regard to civil and criminal proceedings, as to probate appeals. Since that time, an alteration has been made by the operation of the revised statutes, which render the directions given in Coffin v. Hussey inapplicable ; and as they might tend to mislead, we have thought it would be useful to review the law, on the whole subject, as well in regard to common law, as to probate cases, although they stand on a somewhat different footing. This is the more important, because we consider that the law now applicable to Suffolk and Nantucket is applicable to all the other counties, where the supreme judicial court is held in one county for that and others, as in the cases of Bristol, Plymouth, Barnstable, and Dukes county, and also, the counties of Hampshire, Franklin, and Hampden,
We are then to consider the change of the law, introduced by the revised statutes in relation to Nantucket and Suffolk, and how that change is effected.
By the Rev. Sts. c. 81, § 50, a law term of the supreme *495 judicial court is required to be held every year at Boston, in the county of Suffolk, and for the counties of Suffolk and Nantucket, in March. By § 59, a term, for the trial of jury causes, is required to be held every year, at Boston, within and for the county of Suffolk, in November, and at Nantucket, within and for the county of Nantucket, in July.
It may be remarked in passing, that although these terms are designated as “ law terms,” “ and terms for jury trials,” respectively, yet the jurisdiction of the court at such terms is not limited to the purposes thus expressed, because it is provided, c. 81, § 38, that whenever, at any term appointed to be held by one justice, three or more are present, they shall have all the like power and authority, as at a stated law term; and, when at a term appointed to be held by three or more justices, one only shall be present, he shall have the like power, as at a court appointed to be held by one justice alone; so that if a full court should assemble at Nantucket in July, they would have all the powers of a law court; and under the last clause, above cited, the power is given, and is constantly exercised by one judge, at a law term, either before or after the law is heard by a full court, to sit for the trial of jury causes. These designations therefore do not fix or regulate the jurisdiction, at the law terms or terms ordered to be heard by one judge.
The above provisions, establishing a law term in Suffolk for Suffolk and Nantucket, bring these counties within the same rule, which heretofore and now regulates the counties of Bristol and Plymouth, and Hampshire, Franklin, and Hampden, in which a court is directed by law to be held in one county for others. They are within the words of this act; there is no special provision; and the prior acts are repealed. We are then to look to other provisions of law, to see how these rules are to be carried into effect.
The first great change, in regard to Suffolk and Nantucket, as in other cases where two or more counties are united for a law term, is, that although a court is held in Suffolk for Nantucket, yet all records are to be kept, judgments entered and made up, and executions issued, at Nantucket, as if the court *496 were held in that county. By § 54, separate dockets are to be kept for the matters pending in each county, and proper e'ntries made therein ; such dockets are to be prepared by the clerk of that county, and such clerk is to attend in the county for which the court is held, with his docket and papers, or the clerk of the county, in which the court is held, may act for him ; and in either case, by § 55, after the rising of the court, such docket and papers shall be immediately returned to the county to which they pertain, and the clerk of- that county shall enter and record, &c., and issue execution, as if the court had been held in that county.
The obvious change here is this; that by the former law, as well after as before the establishment of a term at Nantucket, when a cause was transferred to Boston, it went into the Suffolk records, judgment was made up, and all ulterior proceedings were had, as if it had originated in Suffolk ; and the November, as well as the March term, in Boston, was held for Nantucket as well as for Suffolk.
But by this change, the term of the supreme judicial court now held in Suffolk in November is not held for the county of Nantucket for any purpose, and the rule, as stated in Coffin v. Hussey in this respect, is no longer correct. That these provisions of the revised statutes did extend to Suffolk and Nantucket and work the changes suggested, was decided in Shaw v. Bunker, 2 Met. 376.
We are then to consider the practical working of this system, when by law, a law term is held in one county for two or more counties, and first in reference to common-law cases, of civil or criminal jurisdiction, by which we mean all cases other than probate appeals, which depend on a different provision.
We have already seen, that when the supreme judicial court is held in and for a county, although called a law term, it has . cognizance of all causes pending in the county in which it is held, whether requiring the consideration of a full court or not. In practice, cases requiring it will be taken up and acted upon by a full court, and then all other matters may be considered and acted upon by one judge, with or without a jury, as if it were not called a law term
*497 The question is, how causes arising and pending in or properly pertaining to one county shall be entered, dealt with, and disposed of, at a law term held for such county in another county. We must go to the Rev. Sts. c. 81, for the answer.
The fifty-second section directs, that the court, when held for two or more counties, shall have cognizance of all suits and other matters, which require the consideration of a full court, and which may arise or be pending in either of the said counties, in like manner as if the court were held in the bounty in which the matter is pending, except, &c.
The fifty-third section directs, that all writs and processes cognizable by such full court, except original writs, shall be sued out of the clerk’s office of the county, in which the matter is pending, shall be returnable to the full court, then next to be holden for the same county, and all appeals and other matters cognizable by such full court may be entered thereat, if not previously entered in the county in which they are pending, to be there heard and determined in like manner as if the court was held in the county, in which the same were pending.
Here are two classes of cases provided for, namely: returnable writs and processes requiring the consideration of the full court, as depending in the first instance on matter of law, such as writs of error, certiorari, mandamus, prohibition, and probably many others; and appeals, exceptions, and other matters cognizable by such full court.
The saving clause, in the above cited § 53, “if not previously entered in the county in which they are pending,” implies that such cases are to be entered at the first term held in the county, if there is one at which they can be entered, before the law term held in another for such county, although such first term in the county is called a term for jury trials. The reason of the legislature probably was, that although denominated a term for jury trials, yet a full court might assemble, which would then have power to hear and decide such cases ; if they did not, those cases would stand on the docket of that court as law cases, and go with it to the next law term for the county, and thus be put in readiness for the earliest decision. *498 Such also we think is the effect of the provisions, allowing an appeal on an issue in law, exceptions, and other matters of law. Rev. Sts. c. 82, §§ 6 to 15. It is only when there shall be a law term of the supreme judicial court to be held for the county, after such appeal, and before any session of the same court, to be held within the county, that such appeal may, at the option of the appellants, be 'made directly to such law term, and be there entered accordingly. So in cases of exceptions in criminal cases, the recognizance is to the court next to be held for the same county, although the next term should be a term for jury trials, and not a law term. Rev. Sts. c. 82, § 29; c. 138, §§ 11, 13. If a court is first held in the same county, it is of course held for the same county, and the case on exceptions must be entered there; and so it was held in the case of Commonwealth v. Dow, 5 Met. 329. The result of all these provisions, we think, is this ; if matter of law, as a judgment on demurrer, an appeal for error on the face of the record, or exceptions, arises in the court of common pleas, the case is to be entered at the next term of the supreme judicial court, though a jury term, if it occurs before a law term held in another for such county; but if such law term first occurs, it is to be entered there, on the docket of its proper county.
To illustrate this; the statute provides for a law term at Plymouth and Bristol, in alternate years, in October, for the four southern counties. If a law case, requiring the consideration of a full court, arises in the court of common pleas in Bristol, in March, if is to be entered at the jury term held in that county in April, because that is the first term of the supreme judicial court held in and for that county. But if it occurs in June, and the same term of the supreme judicial court is to be held that year in Plymouth, the case is to be entered on the Bristol docket, at the law term to be held at Plymouth, for Plymouth and Bristol. So in the county of Plymouth, where there is but one term in the year for jury trials, in May. If a law case should arise in the court of common pleas in April, the case will be entered at the nex May term. If it occurs in August, and the law term in thayear is held at Taunton, the case will be entered on the *499 Plymouth docket at the law term in Taunton, because there is no previous session within the county.
And we are inclined to the opinion, that the same rule applies to returnable writs, of the character before mentioned, cognizable by a full court, or requiring the consideration of a full court, in the first instance. So if a writ of error is sued out, for instance, in Franklin county, in July, it will be returnable to the term of the supreme judicial court to be held at Greenfield in September, in and for that county, and thence be transmitted, with other law cases, to the following law term in Northampton. But if there is no term of the supreme judicial court previously held in Greenfield, such writ is to be returned to the next law term to be held at Northampton for the county of Franklin, and there entered on the Franklin docket, to be acted upon by the full court, and then remitted to the county of Franklin. A different rule of course will apply to common writs, not requiring the consideration of a full court. They will be returnable to the first term held within the county, whether a law term or a term for jury trials.
But, as we have already suggested, we think probate appeals stand on different ground, and depend upon another provision of the statute law. By the revised statutes, c. 83, § 34, it is directed, that any person aggrieved by any order, &c., of the judge of probate, may appeal therefrom to the next supreme judicial court to be held in or for the same county, next after thirty days, that is, as we understand, to the next term of the supreme judicial court, which shall first be in session, whether a law term or a jury trial term, and whether held in the same county, or at a law term for such county; This, if we are right in our preceding construction, declares, authoritatively, that probate appeals shall in the first instance be deemed law cases, or put on the same footing as appeals in matters of law. And we think there is good reason for this distinction; for, though in some contingencies, as in case of the sanity of a testator, there may be a jury trial under a probate appeal, yet usually the questions arising in a probate appeal are questions for the court, with or without the aid of an auditor; and if the case *500 is entered at the next court held for the county where it is pending, either in the county where it is pending, or at the next law term held for that county, it will go upon the docket of that county as. early as possible, and advance the policy of the law, which is to promote the speedy settlement of estates. Besides, the parties in interest may, at such first term, if a law term, agree upon a case for the full court, and submit it to the court, and obtain an early decision, and thus promote the same desirable object, the prompt and early settlement of an estate.
H. H. Fuller, for himself.
T. G. Coffin, for the appellee.
The court are therefore of opinion, that the appeal of Mr. Fuller, from a decree of the probate court of Nantucket, being taken since the last term of the supreme judicial court there and this being the first term of the court held for said county, is rightly to be entered here upon the Nantucket docket, to .be acted upon here by the full court, or remitted to the county of Nantucket, to be proceeded in at the next jury trial term there in July, according to the nature of the questions arising thereon, as requiring the consideration of the full court or otherwise.
We are aware, that some of these opinions are not necessary to the adjudication of the present case ; but as these provisions are very important in practice to a majority of the counties of this commonwealth, and may essentially affect the rights of parties, we have thought it would be useful, in considering a particular case, under this system, to take a general view of the laws constituting that system. We have stated the preceding views, as a just and reasonable construction of these legal provisions, and in the hope of promoting regularity and uniformity of practice in all the counties to which they are applicable*

 Since this decision, a statute has been passed (St. 1851, c. 82, § 2,) giving this court jurisdiction, at any law term held for two or more counties, of libels for divorce arising in either of such counties.